UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MICHIGAN MILLERS MUTUAL<br>INSURANCE COMPANY, | ) <br> ) <br> ) |  |
| Plaintiff, | ) <br> ) | Case No. 1:09-cv-596 |
| v. | ) <br> ) | Honorable Robert Holmes Bell |
| FIDELITY AND DEPOSIT COMPANY<br>OF MARYLAND, et al., | ) <br> ) <br> ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) <br> ) <br> ) |  |

This is a diversity action to enforce an errors and omissions insurance policy. Plaintiff is Michigan Millers Mutual Insurance Company (Michigan Millers), which was the insured under an errors and omissions policy written by defendant Fidelity and Deposit Company of Maryland (F&D). The core dispute between Michigan Millers and F&D is whether the errors and omissions policy covers claims asserted against Michigan Millers in a civil action now pending in the Hamilton County, Indiana Superior Court. *Signature Farms, LLP, et al. v. Michigan Millers Mutual Insurance Co.*, case no. 29D01-0406-PL-528. Plaintiff's complaint in the present case sets forth four counts: count 1 - declaratory judgment of coverage; count 2 - breach of contract; count 3 - equitable estoppel; count 4 - breach of duty of good faith. Plaintiff has joined defendants Signature Farms, Cherrytree Farms, and Cincinnati Insurance Company (the plaintiffs in the Indiana state-court action) as defendants in the present case, to ensure that any declaration of coverage will

be binding on those parties as well. Only count 1 (for declaratory judgment) is pleaded against these additional defendants. Counts 2, 3, 4, and 5 seek relief only against defendant F&D.

Presently pending before the court is the joint motion of Michigan Millers and F&D for voluntary dismissal of count 3, with prejudice. As count 3 is brought against F&D alone, and both plaintiff and F&D stipulate to dismissal, the joint motion would present no substantial problem in most cases. This, however, is not the usual case. Defendants Signature Farms, Cherrytree Farms, and Cincinnati Insurance Company have objected to dismissal. For the reasons set forth below, I conclude that the objections are not meritorious and recommend that the joint motion of plaintiff and defendant F&D be granted and that count 3 be dismissed with prejudice.

The joint motion for voluntary dismissal is governed by Rule 41(a) of the Federal Rules of Civil Procedure. Under Rule 41(a)(2), after an answer has been served, a plaintiff no longer has the unconditional right to dismiss a claim, unless all of the parties stipulate to the dismissal or plaintiff obtains an order of court. The grant or denial of a dismissal on motion under Rule 41(a)(2) is invested to the sound discretion of the district court. *See Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009); *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The Sixth Circuit has held that if a plaintiff moves for voluntary dismissal *with prejudice*, the district court must grant the request. *See Smoot v. Fox*, 340 F.2d 301, 302-03 (6th Cir. 1964). Other courts have suggested that the matter remains discretionary with the district court where, as here, the interests of parties beyond the plaintiff and defendant are involved in the case. *See IT V Direct, Inc. v. Healthy Solutions, LLC*, 445 F.3d 66, 70 (1st Cir. 2006). Assuming that the *Smoot* case does not automatically require grant of the joint motion, I conclude that the objecting

parties have not raised any substantial ground that should leave the court to deny the motion in its discretion.

In support of the joint motion, plaintiff and F&D represent to the court that plaintiff has concluded that count 3, which is based on an equitable estoppel theory, is not meritorious and that further maintenance of this claim would violate plaintiff's duties under Fed. R. Civ. P. 11. In support of this contention, the moving parties have cited cases describing the circumstances in which an insurer may be equitably estopped from denying coverage. *See, e.g., Kirschner v. Process Design Assoc.*, 592 N.W.2d 707 (Mich. 1999). The moving parties have presented the court with substantial evidence showing that the narrow estoppel principle does not apply to this case, as F&D at all times reserved its rights under the policy in clear terms and that, in the circumstances of this case, Michigan Millers cannot possibly show prejudice.

Signature Farms, Cherrytree Farms, and Cincinnati Insurance Company oppose the joint motion to dismiss, alleging that they require further discovery in order to address the motion intelligently. The short answer to this contention is that these defendants are not named in count 3, which is directed only against defendant F&D. In essence, the objecting parties ask the court to force Michigan Millers to proceed with a claim that it wishes to abandon with prejudice. The comment of the Sixth Circuit almost fifty years ago remains true today. "We know of no power in the trial judge to require a lawyer to submit evidence on behalf of a plaintiff, when he considers he has no cause of action or for any reason wishes to dismiss his action with prejudice, the client being agreeable." *Smoot*, 340 F.2d at 303. The objecting parties have cited no authority that would allow the court, even in its discretion, to refuse a stipulated motion to dismiss with prejudice, on the ground

that parties who are not involved in that claim think that it might have merit and wish to conduct discovery to find out.

The objecting parties also assert that they have an interest in making sure that Michigan Millers receives the maximum recovery from F&D. The objecting parties are, at this point, merely general creditors of Michigan Miller. They are litigating a case against Michigan Millers in Indiana, but are far from receiving a judgment. The objecting parties have no more right to insist that Michigan Millers voluntarily pursue this claim, than does any other general creditor of the corporation.

### Recommended Disposition

The only parties to count 3 -- plaintiff and defendant F&D -- have stipulated to the voluntary dismissal of count 3 with prejudice. The other defendants, who are not parties to count 3, have not advanced any plausible claim of prejudice or other interest on their behalf that might lead a court to deny the motion. I therefore recommend that the joint motion of Michigan Millers and defendant F&D to dismiss count 3 (docket # 111) be granted and that count 3 be dismissed with prejudice.

Dated: October 21, 2010  /s/ Joseph G. Scoville
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).